**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **BANK OF AMERICA, N.A.,** ) | Case Number: 20-CV-9911-SLC |
| *Plaintiff,* ) | |
| ) | |
| v. ) | **AFFIRMATION IN SUPPORT OF** |
| ) | **MOTION TO ENFORCE JUDGMENT AND** |
| **CITY VIEW BLINDS OF N.Y. INC.**, a ) | **DIRECT TURNOVER OF FUNDS FROM** |
| New York corporation, **COSMOPOLITAN** ) | **SIGNATURE BANK TO PLAINTIFF** |
| **INTERIOR NY CORPORATION**, a New ) | **PURSUANT TO FED R. CIV. P.  69(a)(1)** |
| York corporation, **JLM DECORATING** ) | **and NY CPLR § 5225(b)** |
| **NYC INC.**, a New York Corporation, ) | |
| **COSMOPOLITAN INTERIOR** ) | |
| **FLORIDA CORP.**, a Florida Corporation, ) | |
| and **MOSHE GOLD,** an individual**,** ) | |
| ) | |
| *Defendants.* ) | |
| ) | |
| and ) | |
| ) | |
| **SIGNATURE BANK** and **RAIZY GOLD**, ) | |
| ) | |
| Respondents. ) | |

_____

MICHAEL ADAM SAMUELS, an attorney duly admitted to practice before the Courts

of the State of New York and this District, affirms the following to be true under the penalties of

perjury and states:

1.      I am Of Counsel at Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, attorneys

for plaintiff Bank of America, N.A. (the "***Judgment Creditor***"), and as such I am fully familiar

with the facts and circumstances surrounding the above-captioned action.

2.      I submit this Affirmation in support of the Judgment Creditor's motion (the

"***Motion***") for an Order enforcing the Judgment entered on April 29, 2022 (as amended and

entered on June 13, 2022) in favor of the Judgment Creditor and against defendants City View

Blinds of N.Y. Inc. ("***City View***"), Cosmopolitan Interior NY Corporation ("***Cosmopolitan NY***"),

JLM Decorating NYC Inc. ("***JLM***"), Cosmopolitan Interior Florida Corp. ("***Cosmopolitan FL***"),

1

and Moshe Gold ("**Gold**," collectively with City View, Cosmopolitan NY, JLM and Cosmopolitan FL, the "**Defendants**" or "**Judgment Debtors**") and directing the turnover of funds restrained by Signature Bank, as a garnishee ("**Garnishee**"), to the Judgment Creditor (the "**Turnover Order**").

3.  Upon information and belief, the respondent Signature Bank, as Garnishee, is a New York-based full-service commercial bank with 40 private client offices throughout the metropolitan New York area.

4.  Upon information and belief, the respondent Raizy Gold is Gold's spouse ("**Raizy**") and is a citizen and resident of the State of New York.

5.  On November 24, 2020, Judgment Creditor commenced this action by the electronic filing of a Verified Complaint and supporting documents with the Clerk of the United States District Court for the Southern District of New York. [Docket No. 1] (the "**Verified Complaint**").

6.  On January 26, 2021, the Defendants filed their Answer to the Verified Complaint [Docket No. 27] (the "**Answer**").

7.  On February 25, 2021, the Judgment Creditor and Judgment Debtors through their counsel consented to the jurisdiction of the Magistrate Judge and this matter was referred to Sarah L. Cave, U.S.M.J. ("**Magistrate Judge Cave**") by Order dated February 25, 2021 [Docket No. 34] (the "**Reference Order**").  (A true and correct copy of the Reference Order is annexed hereto as **Exhibit "1"**).

8.  On April 30, 2021, Judgment Creditor moved for summary judgment on its claims against the Defendants [Docket Nos. 38-41] (the "**Summary Judgment Motion**").  On February 25, 2022, Magistrate Judge Cave issued an Opinion and Order granting the Summary Judgment

2

Motion [Docket No. 49] (the "***Summary Judgment Order***"). On April 29, 2022, Magistrate Judge Cave entered a Judgment in favor of the Judgment Creditor and against the Judgment Debtors inclusive of, among other things, the sum of $5,945,899.78, as of March 22, 2022, plus accrued and unpaid interest, post-judgment interest at the lawful rate, and other amounts which remain unpaid to the Judgment Creditor (the "***Original Judgment***") and an Amended Judgment on June 13, 2022, which corrected the Original Judgment [Docket No. 58] (the "***Judgment***"). (A true and correct copy of the Judgment is annexed hereto as **Exhibit "2"**).

9.      On July 26, 2022, in pursuit of the Judgment Creditor's remedies to enforce the Judgment, Judgment Creditor's counsel issued and served a certain Information Subpoena with Restraining Notice directed to Signature Bank dated July 26, 2022 (the "***ISRN***"), which included exemption forms required by NY CPLR § 5222-a, with respect to any restraints on Gold's accounts.

10.     On August 18, 2022, the undersigned received Signature Bank's response to the ISRN (the "***Signature Bank ISRN Response***"). (A true and correct copy of the Signature Bank ISRN Response is annexed hereto as **Exhibit "3"**).

11.     The Signature Bank ISRN Response listed the following open accounts with positive balances in which the Judgment Debtors have an interest (the "***Restrained Accounts***"): (i) an account for City View ending in 8439 with a balance of $73.38 (the "***City View Account***"); (ii)  accounts for Cosmopolitan NY, including an  account ending in 2457 with a balance of $112.17 and an account ending in 2552 with a balance of $4,391.20 (collectively, the "***Cosmopolitan NY Accounts***"); (iii) an account for Cosmopolitan FL ending in 4904 with a balance of $60,172.11 (the "***Cosmopolitan FL Account***"); (iv) accounts for Gold, including an account ending in 4052 with a balance of $54,544.59 and an account ending in 5667 with a

3

balance of $9.57 (collectively, the "*M. Gold Accounts*"); and (v) joint accounts in the name of Gold and Raizy including (A) an account ending in 8032 with a balance of $122.51 (the "*8032 Joint Account*"), (B) an account ending in 2879 with a balance of $69.37 (the "*2979 Joint Account*" and, together with the 8032 Joint Account, the "*Other Joint Accounts*") and (C) an account ending in 8641 with a balance of $1,003,519.86 (the "*8641 Joint Account*" and, collectively with the Other Joint Accounts, the "*Gold Joint Accounts*"). (See Exhibit 3, pages 11-12). (The funds in the Restrained Accounts as described in this paragraph are referred to collectively herein as the "*Restrained Funds*".)[1]

13. Judgment Creditor's counsel has not received completed and executed Exemption Claim Forms from either Gold or Raizy with respect to the M. Gold Accounts and/or the Gold Joint Accounts.

13. As reflected in the Signature Bank ISRN Response, the 8641 Joint Account contained a balance of $1,003,519.86 (the "*8641 Funds*"). The Judgment Creditor confirmed this balance pursuant to a July 2022 account statement for the 8641 Joint Account which was produced by Signature Bank to the Judgment Creditor in response to a Subpoena dated August 23, 2022 (the "*July 2022 8641 Statement*"). (A true copy of the July 2022 8641 Statement is annexed hereto as **Exhibit "4"**).

14. The July 2022 8641 Statement covers the time period from July 1, 2022 through July 31, 2022.

15. The July 2022 8641 Statement demonstrates that the "Opening Balance" of the 8641 Joint Account, as of July 1, 2022, was only $25.46.

---

[1] Based on the Signature Bank ISRN Response, the aggregate balance of the Restrained Accounts totals $1,123,014.76. Signature Bank represents, however, that it is holding only $1,115,058.35 pursuant to the ISRN. [Ex. 3 at p. 12].

277353899v.1

16.     The July 2022 8641 Statement further demonstrates that, on July 28, 2022, a wire transfer from "John Hancock Life Insurance Compan[y]" was received in the 8641 Joint Account in the amount of $1,003,494.40 (the "*Life Insurance Deposit*") in connection with "OBI: Insured Helena Gold Policy ULI/0002 66242 Moshe Gold"(the "*Helena Gold Life Policy*"). Therefore, virtually all of the funds currently restrained in the 8641 Joint Account consist of the Life Insurance Deposit.

17.     Signature Bank also has produced a wire confirmation receipt concerning the Life Insurance Deposit, which demonstrates that the Life Insurance Deposit was paid to Gold via wire transfer to the 8641 Joint Account as the sole "Beneficiary" of the Helena Gold Life Policy identified as "Insured Helena Gold Policy ULI/0002 66242 Moshe Gold." (A true and correct copy of the wire confirmation is annexed to hereto as **Exhibit "5"**).

18.     Subsequent to the restraint by Signature Bank of the Restrained Funds, the Judgment Creditor's counsel has had communications with both counsel of record to the Judgment Debtors and then the Judgment Debtors' new counsel, Oved & Oved LLP (the "*Oved Firm*," who we are advised is also representing Raizy) confirming that the Life Insurance Deposit consisted of proceeds from the Helena Gold Life Policy due to the death of Helena Gold, Gold's mother.

19.     In furtherance of these communications, on November 4, 2022, the undersigned sent an email to the Oved Firm (the "*November 4 Email*") requesting documentation evidencing Raizy's alleged interest in the Life Insurance Deposit and the 8641 Funds (or any of the other funds in the joint accounts), including a copy of the Helena Gold Life Policy and any other documents demonstrating that Raizy was a beneficiary of the Helena Gold Life Policy. The November 4 Email advised that, subject to any response received by Tuesday, November 8, 2022

at 5:00 p.m., the Judgment Creditor intended to move for turnover of the Restrained Funds. (A true copy of the November 4 Email without attachment is annexed hereto as **Exhibit "6"**).

20.     On November 8, 2022, a few hours prior to the expiration of the response deadline set forth in the November 4 Email, the Oved Firm commenced a special proceeding in the Supreme Court of the State of New York, Kings County, entitled *Raizy Gold v. Bank of America, N.A. et al*., Index No. 532597/2022 (the "***Kings County Proceeding***") and emailed to the undersigned a copy of the pleadings in the Kings County Proceeding, which enclosed a copy of the Helena Gold Life Policy as Exhibit A thereto. (True Copies of the Notice of Petition, Verified Petition, and Affirmation of Moshe Gold, the "***Gold Affirmation***" from the Kings County Proceeding are annexed hereto as **Exhibit "7"**).

21.     In the Kings County Proceeding[2], Raizy is seeking a declaration that she is the sole owner of the 8641 Funds in the 8641 Joint Account (which the Verified Petition characterizes solely as "Raizy's Account") and permanently restraining and barring the Judgment Creditor from executing or levying upon the Life Insurance Deposit or otherwise seeking to satisfy its judgment against Gold from the proceeds of the Life Insurance Deposit.

22.     As set forth in Raizy's Verified Petition and the Gold Affirmation, there is no dispute that the Gold was named as "Beneficiary" of the Helena Gold Life Policy. (See Ex. 7, Verified Petition, ¶ 11, Gold Affirmation ¶ 3). The terms of the Helena Gold Life Policy clearly name the primary Beneficiary as "Moshe Gold – son." (See Ex. 7, Verified Petition, Exhibit A, p. 22).

---

[2] As this motion seeks a turnover Order with respect to all of the Restrained Funds, the Judgment Creditor intends to move before the Supreme Court of the State of New York, to seek a stay of the Kings County Proceeding, in the interest of judicial economy, so that all issues relating to the turnover of all of the Restrained Funds can be resolved in this action.

277353899v.1

23. Raizy's Verified Petition, however, seeks to circumvent the "Beneficiary" designation of Gold in the Helena Gold Life Policy by alleging that on May 22, 2015 Gold assigned his entire ownership and interest in the Helena Gold Life Policy to Raizy pursuant to a purported Assignment. (See Ex. 7, Verified Petition, Exhibit C). It is notable that the Oved Firm (nor the Judgment Debtors' prior counsel, Jeffrey Buss, Esq.) never mentioned nor provided to the Judgment Creditor's counsel a copy of the purported Assignment before commencing the Kings County Proceeding (See Ex.7, Verified Petition, ¶ 12). Further, there is no evidence provided in the Verified Petition and the Gold Affirmation that the assignment was an arms-length transaction nor whether it was ever conveyed to the insurer of the Helena Gold Life Policy.

24. Even, assuming *arguendo,* that the Assignment of the Life Insurance Deposit is valid and effective, Gold and Raizy fail to explain in the Verified Petition and supporting papers why Gold was paid as the "Beneficiary" of the Helena Gold Life Policy.

25. Furthermore, the Verified Petition alleges without any supporting documentation or evidence that Gold was named on the 8641 Joint Account "solely for convenience and emergency purposes." (See Ex. 7, Verified Petition, ¶ 18). The Gold Affirmation, however, does not address Gold's activity in the 8641 Joint Account prior to the service of the ISRN on Signature Bank.

26. Pursuant to this Motion, and as set forth in the chart below, the Judgment Creditor is seeking an order directing Signature Bank to turnover to the Judgment Creditor from the Restrained Funds: (i) the full amount of the City View Account ($73.38), (ii) the full amount of the Cosmopolitan NY Accounts ($4,503.37); (iii) the full amount of the Cosmopolitan FL Account ($60,172.11); (iv) the full amount of the M. Gold Accounts ($54,554.16); (v) the sum of

$1,003,507.13 from the 8641 Joint Account, representing the confirmed amount of the Life Insurance Proceeds paid to Gold as "Beneficiary" in the 8641 Joint Account ($1,003,494.40) plus one-half (1/2) of the balance of the 8641 Account as of July 1, 2022 ($12.73); and (vi) the sum of $95.94, representing one-half (1/2) of the balance in the Other Joint Accounts.

27.     Accordingly, the Court should direct Signature Bank to turn over the total sum of $1,122,906.09 to Judgment Creditor as follows:[3]

| Account Ending | Judgment Debtor | Other Owner | Balance |
|---|---|---|---|
| 8439 | City View Blinds of N.Y. Inc. | None | $73.38 |
| 2457 | Cosmopolitan Interior NY Corp. | None | $112.17 |
| 2552 | Cosmopolitan Interior NY Corp. | None | $4,391.20 |
| 4904 | Cosmopolitan Interior Florida Corp. | None | $60,172.11 |
| 4052 | Moshe Gold | None | $54,544.59 |
| 5667 | Moshe Gold | None | $9.57 |
| 8641 | Moshe Gold | Raizy Gold | $1,003,507.13 |
| 8032 | Moshe Gold (1/2) | Raizy Gold | $61.26 |
| 2879 | Moshe Gold (1/2) | Raizy Gold | $34.68 |
| | **Total** | | $1,122,906.09 |

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[3] To the extent the Signature Bank ISRN Response reflects that Signature Bank is holding only $1,115,058.35 on account of the ISRN, Signature Bank must explain to Judgment Creditor's satisfaction any difference between the amounts in the accounts and the amounts held by Signature Bank.

277353899v.1

**WHEREFORE,** the Judgment Creditor respectfully requests that this Court grant the

Motion in its entirety and for such other relief that this Court deems appropriate.

WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP

By: /s/Michael Adam Samuels
Michael Adam Samuels
150 E. 42nd Street
New York, NY 10017
Telephone: (212) 490-3000
Facsimile: (212) 490-3038
Email: michael.samuels@wilsonelser.com

*Attorneys for Plaintiff, Bank of America, N.A.*

AFFIRMED ON NOVEMBER 10, 2022

277353899v.1