# EXHIBIT "3"

# SIGNATURE BANK®

August 01, 2022

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP.
150 E. 42nd Street
New York, NY 10017

Re: **MOSHE GOLD ET AL.**

Attn: Michael Adam Samuels,

    Please be advised upon receipt of the information subpoena restraining notice delivered to us with respect to the above referenced matter, funds were held from accounts in which the judgment debtor appears to have an interest.

The Account No.'s **xxxxxx8032, xxxxxx8641, xxxxxx2879 and xxxxxx4545** are joint accounts in the names of MOSHE GOLD & RAIZY GOLD . Since RAIZY GOLD is not a judgment debtor in this matter and since his/her respective interest in the balance of this account is unknown to Signature, we will require an order from the Court before we can pay out any portion of these funds pursuant to a levy.

    If you have any questions, please feel free to contact me at, (646) 949-4057

Very truly yours,

/s/Carlos Espinal

Carlos Espinal

Legal Servings Associate



July 26, 2022

Michael Adam Samuels
212.915.5735 (direct)
michael.samuels@wilsonelser.com

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Signature Bank
565 Fifth Avenue
New York, NY 10017

SIGNATURE BANK
AUGUST 01, 2022
LEGAL PROCESSING

Re:  Bank of America, N.A. v. City View Blinds of N.Y. Inc. et al., Case No. 20-cv-9911-SLC
Our File No.: 12048.00360

To whom it may concern,

My law firm is counsel to Bank of America, N.A., a judgment creditor in the above-entitled action. Enclosed herewith is: (i) an original and copy of Information Subpoena with Restraining Notice together with Questions and Answers in Connection with Information Subpoena; (ii) an Exemption Notice; (iii) two (2) Exemption Claim Forms; and (iv) a self-addressed postage paid envelope.

If you have any questions concerning the foregoing, my contact information is set forth herein.

Sincerely,

Michael Adam Samuels

Enclosures

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London
Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia
Washington, DC • West Palm Beach • White Plains

wilsonelser.com

273574731v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BANK OF AMERICA, N.A., )
          *Plaintiff*, )
   v. )
CITY VIEW BLINDS OF N.Y. INC., a New York corporation, **COSMOPOLITAN INTERIOR NY CORPORATION**, a New York corporation, **JLM DECORATING NYC INC.**, a New York Corporation, **COSMOPOLITAN INTERIOR FLORIDA CORP.**, a Florida Corporation, and **MOSHE GOLD**, an individual, )
          *Defendants*. )

Case Number: 20-CV-9911-SLC

**INFORMATION SUBPOENA WITH RESTRAINING NOTICE**

Re:   City View Blinds of N.Y. Inc., Judgment-Debtor
315 W. 39th Street, Suite 502, NY, NY 10018 (last known address)
EIN: XX-XXX-5532

Cosmopolitan Interior NY Corporation, Judgment-Debtor
315 W. 39th Street, Suite 502, NY, NY 10018 (last known address)
EIN: XX-XXX-5662

JLM Decorating NYC Inc., Judgment-Debtor
199 Lee Avenue, Brooklyn, NY 11211
EIN: XX-XXX-2496

Cosmopolitan Interior Florida Corp., Judgment-Debtor
902 Clint Moore Road, Suite 120, Boca Raton, FL 33487
EIN: XX-XXX-7929

Moshe Gold, Judgment-Debtor
26 Heyward Street, APT 5-I, Brooklyn, NY 11205
SS# XXX-XX-3302

To:   Signature Bank
565 Fifth Avenue
New York, NY 10017

GREETINGS:

**WHEREAS**, in an action in the United States District Court for the Southern District of New York, Case Number 20-CV-9911-SLC between the parties listed in the caption above, a Judgment was entered on April 29, 2022 (as amended on June 13, 2022, the "*Judgment*") in

1

271386125v.4

favor of the judgment creditor, Bank of America, N.A. (the "*Judgment Creditor*") and against the judgment debtors, City View Blinds of N.Y. Inc., Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., Cosmopolitan Interior Florida Corp. and Moshe Gold, individually (collectively, the "*Judgment Debtors*"), inclusive of, among other things, the sum of $5,945,899.78, as of March 22, 2022, plus accrued and unpaid interest, post-judgment interest at the lawful rate, and other amounts which remain unpaid to the Judgment Creditor.

**NOW, THEREFORE WE COMMAND YOU**, that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within seven (7) days after your receipt of the questions and this subpoena.

**WHEREAS**, it appears that you owe a debt to the Judgment Debtors, or are in possession or in custody of property, in which the Judgment Debtors have an interest, including, but not limited to any and all bank accounts, deposits, and/or depository accounts.

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the Judgment Debtors have an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment credit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, of other than the judgment debtor, for any damages sustained by reason of the

2

271386125v.4

restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUPBOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

**TAKE FURTHER NOTICE**, that disobedience of this Restraining Notice or false swearing or failure to comply with the Subpoena is punishable as a contempt of court under CPLR 2308(b).

Dated: New York, New York
July 26, 2022

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By: _____
Michael Adam Samuels
150 E. 42nd Street
New York, NY 10017
Telephone: (212) 490-3000
Direct: (212) 915-5735
Facsimile: (212) 490-3038
Email: michael.samuels@wilsonelser.com
*Attorneys for Judgment Creditor*
*Bank of America, N.A.*

3

271386125v.4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> *Plaintiff,* <br><br> v. <br><br> CITY VIEW BLINDS OF N.Y. INC., a New York corporation, **COSMOPOLITAN INTERIOR NY CORPORATION**, a New York corporation, **JLM DECORATING NYC INC.**, a New York Corporation, **COSMOPOLITAN INTERIOR FLORIDA CORP.**, a Florida Corporation, and **MOSHE GOLD**, an individual, <br><br> *Defendants.* | Case Number: No. 20-CV-9911-SLC <br><br> AMENDED JUDGMENT |

Upon this action having been commenced by the plaintiff Bank of America, N.A. (the "*Plaintiff*") on November 24, 2020, by the filing of a Verified Complaint (the "*Verified Complaint*"), and the defendants City View Blinds of N.Y. Inc., Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., Cosmopolitan Interior Florida Corp. and Moshe Gold (collectively the "*Defendants*"), and an Answer having been filed on behalf of the Defendants on January 26, 2021; the parties having consented on February 25, 2021 to Magistrate Jurisdiction for all purposes; the Plaintiff having moved pursuant to a Motion for Summary Judgment (the "*Motion*") against all of the Defendants on April 30, 2021; the Plaintiff's request on May 20, 2021 to have the Motion considered fully briefed based on the Defendants' failure to respond to or oppose the Motion, and the Defendants' opposition letter filed on May 25, 2021; and

Upon which the Court entered an Opinion and Order dated February 25, 2022 (the "*February 25, 2022 Order*") pursuant to which the Motion was granted with respect to the

1

Plaintiff's First, Second, Sixth and Seventh Claims and the Motion was denied with respect to the Plaintiff's Third, Fourth, Fifth and Eighth Claims; and

Upon which the Court entered a Judgment in favor of the Plaintiff and against the Defendants on April 29, 2022 (the "*Judgment*") [ECF, Doc. 54]; and

Upon which the Judgment contained an omission as to all of the parties with respect to the relief granted in the February 25, 2022 Order on the Second Claim of the Verified Complaint; and

To correct said omission, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure the Judgment is amended; and it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Plaintiff have judgment against the Defendants as follows:

    a.    Judgment be and hereby is entered in favor of the Plaintiff Bank of America, N.A. and against City View Blinds of N.Y. Inc. and Cosmopolitan Interior NY Corporation (collectively, the "*Borrowers*") on the First Claim of the Verified Complaint, as of March 22, 2022, in the total amount of $5,945,899.78 consisting of (i) unpaid principal in the amount of $4,842,632.62, (ii) contractual accrued interest in the amount of $277,046.34 (with interest continuing to accrue at a combined *per diem* amount of $538.07 through April 29, 2022), (iii) default accrued interest in the amount of $641,001.72 (with interest continuing to accrue at a combined *per diem* amount of $807.11 through April 29, 2022), (iv) the Plaintiff's out of pocket costs and expenses in the amount of $29,259.61, and (v) attorneys' fees in the amount of $141,857.23 plus costs in the amount of $14,102.26; plus post-judgment interest at the lawful rate on the total amount of

        $5,945,899.78 due to the Plaintiff, until the same is paid and satisfied; and

b.     Judgment be and hereby is entered in favor of the Plaintiff Bank of America, N.A. and against City View Blinds of N.Y. Inc., Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc. and Cosmopolitan Interior Florida Corp. on the Second Claim of the Verified Complaint, as of March 22, 2022, granting the Plaintiff foreclosure upon its security interest in the Collateral (as defined in the Verified Complaint), awarding the Plaintiff immediate possession of the Collateral, and to the extent that any of the Collateral is not presently in possession or control of the Borrowers, JLM Decorating NYC Inc., and Cosmopolitan Interior Florida Corp. directing Borrowers, JLM Decorating NYC Inc. and Cosmopolitan Interior Florida Corp. to immediately inform the Plaintiff of the present location of the Collateral and to take all necessary measures to facilitate the turnover of the Collateral to the Plaintiff; and permitting the Plaintiff to dispose of the Collateral and apply proceeds thereof to the obligations and liabilities of the Borrowers in accordance with Article 9 of the Uniform Commercial Code; and

c.     Judgment be and hereby is entered in favor of the Plaintiff Bank of America, N.A. and against Defendants JLM Decorating NYC Inc., Cosmopolitan Interior Florida Corp. and Moshe Gold on the Sixth Claim of the Verified Complaint, as of March 22, 2022, in the total amount of $5,945,899.78 consisting of (i) unpaid principal in the amount of $4,842,632.62, (ii) contractual accrued interest in the amount of $277,046.34 (with interest continuing to accrue at a combined *per diem* amount of $538.07 through April 29, 2022), (iii) default accrued interest in the amount of

$641,001.72 (with interest continuing to accrue at a combined *per diem* amount of $807.11 through April 29, 2022), (iv) the Plaintiff's out of pocket costs and expenses in the amount of $29,259.61, and (v) attorneys' fees in the amount of $141,857.23 plus costs in the amount of $14,102.26; plus post-judgment interest at the lawful rate on the total amount of $5,945,899.78 due to the Plaintiff, until the same is paid and satisfied; and

d.  Judgment be and hereby is entered in favor of the Plaintiff Bank of America, N.A. and against Defendant City View Blinds of N.Y. Inc. on the Seventh Claim of the Verified Complaint, as of March 22, 2022, in the total amount of $66,101.09, plus post-judgment interest at the lawful rate due to the Plaintiff, until the same is paid and satisfied.

Dated: New York, New York  
       June 13, 2022

SO ORDERED.

*Sarah L. Cave*  
Sarah L. Cave  
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BANK OF AMERICA, N.A.,  )
          Plaintiff,  ) Case Number: No. 20-CV-9911-SLC
v.  )
  )
CITY VIEW BLINDS OF N.Y. INC., a ) QUESTIONS AND ANSWERS IN
New York corporation, COSMOPOLITAN ) CONNECION WITH INFORMATION
INTERIOR NY CORPORATION, a New ) SUBPOENA
York corporation, JLM DECORATING )
NYC INC., a New York Corporation, )
COSMOPOLITAN INTERIOR )
FLORIDA CORP., a Florida Corporation, )
and MOSHE GOLD, an individual, )
  )
          Defendants.  )
  )

STATE OF __New York__ )
                                    ) ss.
COUNTY OF __New York__ )

__Carlos Espinal__, an authorized representative of Signature Bank being duly sworn deposes and says; that deponent is the recipient of an information subpoena herein and of the original and a copy of the questions accompanying said subpoena. The answers set forth below are made form information obtained from the records and knowledge of the recipient:

Q.No.1. Have you made any payments to the judgment debtors, City View Blinds of N.Y. Inc., Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., Cosmopolitan Interior Florida Corp. and Moshe Gold, individually (collectively, the "*Judgment Debtors*"), in the last 6 months?

Answer to No.1: yes

Q.No.2. If so, to what bank and what account numbers were those payments made?

Answer to No.2:

City View Blinds of N.Y. Inc.
xxxxx8439  $73.38
xxxx8587 - ($29,716.03) Negative.
xxxxx7019 - ($6,255.73) Negative.
xxxxx7520 - Closed. $0.00

Moshe Gold
xxxx7084 - ($68.52) Negative.
xxxx4052  $54,544.59
xxxx5667  $9.57
xxxx8032  $122.51 - Joint Acct.
xxxx8641  $1,003,519.86 - Joint Acc
xxxxx2879  $69.37 - Joint Acct.
xxxxx4545 - ($6,722.07) Negative
            ↓ Joint Acct.

cont.

Q. No. 3. Do you have a record of any account in which the Judgment Debtors may have an interest whether under the name of the debtor, under a trade or corporate name, or in association with others, as of the date of the subpoena or within 1 year prior thereto?

Answer to No. 3: NO.

Q. No, 4. As to each such account, what is the exact title of the account, account number, the date opened, amounts presently on deposit, date closed?

Answer to No. 4: Answered on Question #2

TITLE    ACCOUNT NO.    DATE OPENED    AMT ON DEPOSIT    DATE CLOSED

Q. No.5. Do you have a record of any safe deposit box in which the Judgment Debtors may have an interest, whether under the name of the Judgment Debtors, under a trade or corporate name, or in association with others, as of the date of the subpoena or within 1 year prior thereto?

Answer to No.5: Signature Bank does not offer safety deposit boxes.

Q.No.6. Do you hold collateral in which the Judgment Debtors have or may have an interest?

Answer to No 6: NO.

Q. No.7. Are the Judgment Debtors indebted to you?

Answer to No. 7: NO.

Q.No.8. As to each indebtedness, what is the amount of the original indebtedness, the date incurred, amount repaid and date of such repayment?

Answer to No.8: None.

AMOUNT    DATE INCURED    AMOUNT REPAID    DATE REPAID

Q.No.9. Are any of the assets of the Judgment Debtors, in your possession or care, subject to liens, attachments, or other encumbrances?

Answer to No.9: NO.

QNo.10. What are full details of the same in regard to each asset?

Answer to No.10: None.

Q,No.11, Do you have any other transactions with the Judgment Debtors, directly or indirectly, as a result for which the Judgment Debtors may now have, or may in the future become entitled to, money or credit?

Answer to No.11: NO.

Q,No,12. Have the Judgment Debtors given you a statement of financial condition?

Answer to No.12: NO.

Q.No.13. What assets are disclosed therein (or in the alternative supply a copy thereof)?

Answer to No.13: None.

_____
Signature – Print or Type Name and Title

Carlos Espinal

SWORN to before me this ___ day of _____ 2022

_____
NOTARY PUBLIC

RETURN TO:

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
ATTENTION: MICHAEL ADAM SAMUELS
150 E. 42nd Street
New York, NY 10017
Telephone: (212) 490-3000
Direct: (212) 915-5735
Facsimile: (212) 490-3038
Email: michael.samuels@wilsonelser.com
*Attorneys for Judgment Creditor Bank of America, N.A.*

3