# EXHIBIT "7"

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 2

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 11/08/2022

SUPREME COURT of the STATE of NEW YORK
COUNTY of KINGS
---------------------------------------------------------------------X
In the Matter of the Application of RAIZY GOLD ,

<em>Petitioner</em>,

-against-

BANK OF AMERICA, N.A. and SIGNATURE BANK,

<em>Respondents</em>,

-and-

MOSHE GOLD,

<em>Nominal Respondent</em>,

For an Order Pursuant to CPLR 5239 and 5240 to
Determine Adverse Claims.
---------------------------------------------------------------------X

Index No.: _____ /2022

**<u>NOTICE OF PETITION</u>**

TO:     Bank of America, N.A.
        100 North Tryon Street,
        Charlotte, North Carolina 28202

        Signature Bank
        565 Fifth Avenue,
        New York, NY 10017

        Moshe Gold
        26 Heyward Street, Apt 5-I
        Brooklyn, NY 11249

TAKE NOTICE that upon the annexed Verified Petition, Affirmation of Moshe Gold, and

Memorandum of Law, and upon all the papers and exhibits annexed thereto, the undersigned

counsel for Petitioner, will move this Court at the Motion Support Office, Room 227 of the

Courthouse located at 360 Adams Street, Brooklyn, New York, on the 22nd day of December,

2022, at 9:30 a.m., pursuant to CPLR 5239 and 5240, for:

1.      A declaration that Petitioner Raizy Gold is the sole owner of the $1,003,519.86
        proceeds in the Signature Bank account ending in *8641, and that Respondent Bank
        of America, N.A. is permanently restrained and barred from executing or levying

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 2

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 11/08/2022

upon the proceeds or otherwise seeking to satisfy its judgment against Nominal Respondent Moshe Gold from the proceeds;

2.      An award of Petitioner's attorneys' fees and costs incurred in bringing this Petition; and

3.      Any such other and further relief as this Court deems just and proper.

TAKE FURTHER NOTICE that answering papers, if any, shall be served in accordance with the provisions of CPLR 403 and the rules of this Court.

Dated: New York, New York
            November 8, 2022

By:      /s/ Glen Lenihan
            Terrence Oved, Esq.
            Glen Lenihan, Esq.
            Jennifer R. Pierce, Esq.
            OVED & OVED LLP
            Attorneys for Petitioner
            401 Greenwich Street
            New York, NY 10013
            Tel.: 212.226.2700

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 11/08/2022

3.　　　Accordingly, Raizy is entitled to a declaration that Bank of America is not entitled to the funds in the restrained account and the restraint on the account should be vacated.

## THE PARTIES

4.　　　Raizy is a natural person residing in Brooklyn, New York.

5.　　　Moshe is a natural person residing in Brooklyn, New York.

6.　　　Bank of America is a national banking association chartered under the laws of the United States of America, with a principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28202.

7.　　　Signature Bank is a New York-based commercial bank with a principal place of business located at 565 Fifth Avenue, New York, NY 10017.

## JURISDICTION AND VENUE

8.　　　This Court has jurisdiction under Article 52 of the CPLR to entertain a special proceeding to determine adverse claims.  Jurisdiction is also proper in New York pursuant to CPLR 302 because Respondent has transacted business, committed tortious acts, or both, within the State of New York.

9.　　　Venue is proper in this Court under CPLR 5239 because Kings County, New York is where the property at issue was levied upon.  Venue is also proper in this Court under CPLR 503 because Petitioners reside in Kings County and "a substantial part of the events or omissions giving rise to the claim occurred" in Kings County.

## BACKGROUND

**A.　　　Raizy's Account**

10.　　　Raizy owns the money in the Signature Bank account ending in xxxxxx8641, which is held jointly in the names of both Raizy and her husband, Moshe ("Raizy's Account").

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 11/08/2022

11.      On or about September 28, 2002, Moshe's mother, Helena Gold, was issued a life insurance policy by the John Hancock Life Insurance Company (the "Insurance Policy"). Moshe was the named beneficiary of the Insurance Policy. A copy of the Insurance Policy is attached hereto as **Exhibit A**.

12.      On May 22, 2015, Moshe assigned his entire ownership of and interest in the Insurance Policy of his mother to Raizy by Assignment of Life Insurance Policy (the "Assignment"). A copy of the Assignment is attached hereto as **Exhibit B**.

13.      The purpose of the Assignment was to ensure that Raizy had adequate savings in the event of Moshe's death, disability, or illness such that Raizy could thereafter use those funds to pay for her living expenses.

14.      Pursuant to the Assignment, any and all amounts payable under the Insurance Policy belong entirely to Raizy, and Moshe has no interest or ownership over those proceeds.

15.      On June 22, 2022, Helena Gold passed away. Consistent with the Assignment, the proceeds of the Insurance Policy totaling $1,003,519.86 (the "Insurance Proceeds") have been disbursed to Raizy and deposited into Raizy's Account.

16.      Prior to the receipt of the proceeds of the Insurance Policy, Raizy's Account held only $3,600.

17.      Raizy's Account is now comprised solely of the Insurance Proceeds and the prior $3,600 balance, and the Insurance Proceeds belong solely to Raizy.

18.      Moshe has been named on Raizy's Account since it was opened and has remained named on the account solely for convenience and emergency purposes, such as in the event of Raizy's death, disability, or illness. There was never any reason to change the nature of the account.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 11/08/2022

19.     Neither Raizy nor Moshe has withdrawn any money from Raizy's Account since the Insurance Proceeds have been disbursed to Raizy.  Attached hereto as **Exhibit C** are bank statements for Raizy's Account from May 1, 2022 to October 31, 2022.

**B.      Bank of America Restrains Raizy's Account to
Satisfy a Judgment Against Moshe, Not Against Raizy**

20.     On or about November 24, 2020, Bank of America filed a complaint against Moshe and certain entities in the Southern District of New York, Civil Action No. 1:20-cv-09911, for claims arising out of alleged breaches of a loan and security agreement (the "SDNY Action").

21.     Raizy is not a party to the SDNY Action.

22.     On April 29, 2022, Bank of America obtained a judgment against the defendants, including Moshe, in the SDNY Action, which was amended on June 13, 2022, in the amount of $5,945,899.78 (the "Judgment").

23.     The Judgment is not against Raizy because she was not a party to the SDNY Action.

24.     In connection with its efforts to collect the Judgment, Bank of America issued an information subpoena with restraining notice, dated July 26, 2022 (the "Restraining Notice"), to Signature Bank.  A copy of the Restraining Notice is attached hereto as **Exhibit D**.

25.     In the Restraining Notice, Bank of America demanded that Signature Bank restrain Raizy's Account.

26.     As shown in the August bank statement in Exhibit C, due to the Restraining Notice, Bank of America restrained $1,003,519.86 of Raizy's money in Raizy's Account to satisfy the Judgment.

27.     Bank of America has not obtained a court order for the release of the money in Raizy's Account.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 11/08/2022

28.     As established above, Raizy's Account is almost entirely comprised of the Insurance Proceeds,[1] the rights and title to which were assigned to Raizy over seven years ago.

29.     As such, Moshe has no rights, title or interest in the Insurance Proceeds in Raizy's Account.

30.     In sum, Bank of America restrained over $1 million of Raizy's money and seeks documents concerning her money to satisfy the Judgment, even though the Judgment was not entered and cannot be executed against her.

## PRAYER FOR RELIEF

**WHEREFORE**, pursuant to CPLR 5239 and 5240, Petitioners respectfully request judgment as follows:

1.      A declaration that Petitioner Raizy Gold is the sole owner of the $1,003,519.86, constituting the Insurance Proceeds, in Raizy's Account and that Respondent Bank of America is permanently restrained and barred from executing or levying upon the Insurance Proceeds or otherwise seeking to satisfy its judgment against Nominal Respondent Moshe Gold from the Insurance Proceeds;

2.      An award of Petitioner's attorneys' fees and costs incurred in bringing this Petition; and

3.      Any such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 8, 2022

                                          /s/ Glen Lenihan
                                          Terrence Oved, Esq.
                                          Glen Lenihan, Esq.
                                          Jennifer R. Pierce, Esq.
                                          OVED & OVED LLP
                                          *Attorneys for Petitioner*
                                          401 Greenwich Street
                                          New York, NY 10013
                                          Tel.: 212.226.2700

---

[1] The pre-existing $3,600 constitutes 0.3% of the funds in Raizy's Account.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)       INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1                                                                                    RECEIVED NYSCEF: 11/08/2022

## VERIFICATION

Raizy Gold, an observant member of the Jewish faith, in lieu of affidavit, affirms the following under penalties of perjury, hereby affirms under the penalties of perjury the following:

1.      I am a Petitioner in this proceeding.

2.      I have read the foregoing Verified Petition and know the contents thereof, and the

same are true to my knowledge, information and belief.

_____
Raizy Gold

Affirmed to before me on this
7 day of November, 2022

_____
Notary Public

Kimberly Allen
Notary Public of New York
Registration No. 01AL6345242
Nassau County
Commission Expires 07/25/2024

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 7

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 11/08/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
In the Matter of the Application of RAIZY GOLD ,

                         *Petitioner*,

   -against-

BANK OF AMERICA, N.A. AND SIGNATURE BANK,

                       *Respondents*,

   -and-

MOSHE GOLD,

                 *Nominal Respondent*,

For an Order Pursuant to CPLR 5239 and 5240 to
Determine Adverse Claims.
-------------------------------------------------------------------X

Index No.: _____ /2022

**AFFIRMATION IN**
**SUPPORT OF PETITION**

STATE OF NEW YORK    )
                        )    SS:
COUNTY OF KINGS     )

      MOSHE GOLD, an observant member of the Jewish faith, in lieu of affidavit, affirms the following under penalties of perjury:

      1.      I am a nominal respondent in the above-referenced action and have personal knowledge of the facts and circumstances set forth herein.

      2.      I submit this affirmation in support of the petition, pursuant to CPLR 5239 and 5240, for a judgment declaring that Petitioner Raizy Gold ("Raizy") is the sole owner of the $1,003,519.86 proceeds in the Signature Bank account ending in *8641 and that Respondent Bank of America, N.A. is permanently restrained and barred from executing or levying upon the proceeds or otherwise seeking to satisfy its judgment against me from the proceeds.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 7                                                                RECEIVED NYSCEF: 11/08/2022

3.      On or about September 28, 2002, the John Hancock Life Insurance Company issued a life insurance policy for my mother, Helena Gold (the "Insurance Policy"). I was the named beneficiary of the Insurance Policy. *See* Petition Ex. A.

4.      On May 22, 2015, I assigned my entire ownership of and interest in the Insurance Policy to my wife, Raizy, by Assignment of Life Insurance Policy (the "Assignment"). *See* Petition Ex. B.

5.      The purpose of the Assignment was to ensure that Raizy had adequate savings in the event of my death, disability, or illness such that Raizy could thereafter use those funds to pay for her living expenses.

6.      Pursuant to the Assignment, any and all amounts payable under the Insurance Policy belong entirely to Raizy, and I have no interest or ownership over those proceeds.

7.      On June 22, 2022, Helena Gold passed away. Consistent with the Assignment, the proceeds of the Insurance Policy totaling $1,003,519.86 (the "Insurance Proceeds") have been disbursed to Raizy and deposited into a joint Signature Bank account ending in *8641 ("Raizy's Account").

8.      Prior to the receipt of the proceeds of the Insurance Policy, Raizy's Account held only $3,600.

9.      Raizy's Account is now comprised solely of the Insurance Proceeds and the prior $3,600 balance, and the Insurance Proceeds belong solely to Raizy.

10.     I have been named on Raizy's Account since it was opened and have remained named on the account solely for convenience and emergency purposes, such as in the event of Raizy's death, disability, or illness. There has not been any reason to change the nature of the account.

11.     I have not withdrawn any money from Raizy's Account since the Insurance Proceeds have been disbursed to Raizy. *See* Petition Ex. C.

*Page 2*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 7

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 11/08/2022

WHEREFORE, I respectfully request that the Court grant the petition in its entirety.

_____
MOSHE GOLD

Affirmed to before me this
__7__ day of November 2022.

_____
Notary Public

**Kimberly Allen**
**Notary Public of New York**
**Registration No. 01AL6345242**
**Nassau County**
**Commission Expires 07/25/2024**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 7

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 11/08/2022

## STATEMENT OF COMPLIANCE WITH RULE 202.8-b

I hereby certify pursuant to Rule 202.8-b of the Uniform Civil Rules for the Supreme Court that the total number of words in this affirmation, exclusive of caption and signature block, is 419.

s/ Glen Lenihan
Glen Lenihan, Esq.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.