# ASSIGNMENT OF LIFE INSURANCE POLICY

**1.** **ASSIGNMENT.** For Value Received, the undersigned, MOSHE GOLD, an individual residing at 26 Heyward Street, Brooklyn, NY 11249 ("Assignor"), hereby assigns, transfers, conveys and grants all of his ownership, claims, options, privileges, rights, title and interest, to the extent specified herein, to and under the insurance policy described below to RAIZY GOLD residing at 26 Heyward Street, Brooklyn, NY 11249, ("Assignee"):

**Policy No.**    UL 00 266 242

**Issued by:**    John Hancock Life Insurance Company ("Insurer")

**Insured:**    HELENA GOLD

and any and all additions, renewals and supplementary contracts issued in connection therewith and any and all proceeds thereof (said policies and contracts and proceeds are hereinafter collectively referred to as the "Insurance Policy"), subject to all the terms and conditions of this Assignment of Life Insurance Policy (this "Assignment").

**2.** **RIGHTS INCLUDED IN ASSIGNMENT.**

Subject to the beneficial interest of the Assignor as hereinabove set forth, this Assignment includes, without limitation, assignment of the following rights of Assignor: (a) the sole right to collect from the Insurer the net proceeds of the Insurance Policy due to the death of the Insured or maturity; (b) the sole right to surrender the Insurance Policy and receive the surrender value thereof at any time provided by the terms of the Insurance Policy and at such other times as the Insurer may allow; (c) the sole right to obtain one or more loans or advances on the Insurance Policy at any time, either from the Insurer or from other persons, and to pledge or assign the Insurance Policy as security for such loans or advances; (d) the sole right to collect and receive all distributions or shares of surplus, dividend deposits or additions to the Insurance Policy now or hereafter made or apportioned thereto, and to exercise any and all options contained in the Insurance Policy with respect thereto; provided, that unless and until the Assignee shall notify the Insurer in writing to the contrary, the distributions or shares of surplus, dividend deposits and additions shall continue on the plan in force at the time of this Assignment; (e) the sole right to exercise all nonforfeiture rights permitted by the terms of the Insurance Policy or allowed by the Insurer and to receive all benefits and advantages derived therefrom; (the sole right to exercise any and all voting rights or privileges to the extent created or endowed by the Insurance Policy; (g) the sole right to alter, modify, amend or waive any of the terms or conditions of the Insurance Policy; (h) the sole right to designate and change the beneficiary of the Insurance Policy; and (i) the sole right to sell, assign, transfer, pledge or grant any right, title or interest in, to and under the Insurance Policy. Notwithstanding the foregoing, the rights above specified may be exercised only by the affirmative action or consent of Assignees owning at least a 51% interest in the net profits or net proceeds hereunder.

**3.** **BENEFITS PAYMENT DIRECTIVE.** Insurer is hereby authorized and directed to pay Assignee, subject to the beneficial interest of Assignor as hereinabove set forth, any and all death benefits and other amounts due under or on account of the Insurance Policy.

**4.** **REPRESENTATIONS.** Assignor hereby represents and warrants that: (a) the Insurance Policy is in full force and effect; (b) Assigner is the sole owner of the Insurance Policy and has full authority to sell, assign, transfer, grant and convey the Insurance Policy to Assignee; and (c) Assignor has neither assigned, nor granted or suffered any lien or security interest against, the Insurance Policy to any other entity. Assignor further represents and warrants that no proceedings in bankruptcy or insolvency are pending or to its knowledge threatened against Assignor (and that no grounds exist for such proceedings) and that Assignor 's property is not subject to any assignment for the benefit of creditors.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

5. **COVENANTS.** Assignor and Assignee covenant and agree as follows: (a) Assignor, not later than ten (10) days after the date hereof will deliver the Insurance Policy to Assignee, to be held pursuant to the terms of this Assignment; (b) Assignee will be responsible for the payment of all premiums or other amounts payable on or with respect to the Insurance Policy and will provide to the Assignor all necessary funds for such payment as needed from time to time, (c) neither Assignor nor Assignee will furnish a copy of this Assignment to the Insurer or otherwise seek to obtain the acknowledgement of the assignment contained herein prior to the expiration of the "contestability period" under the Insurance Policy, (d) Assignee may sale of the Insurance Policy at any time, (e) the Assignor will provide to the Assignee or the Insurer upon request any and all documentation and records relating to the Insurance Policy, including without limitations medical records relating to the Insured and documents relating to any change in ownership; and (f) Assignor shall not sell, assign, convey, grant or suffer any lien, assignment or security interest against the Insurance Policy, except for liens, assignments or security interests in favor of Assignee.

6. **POWER OF ATTORNEY.** Assignor irrevocably appoints Assignee and any officer or agent thereof, with full power of substitution, as its true and lawful attorney-in-fact with full irrevocable power and authority in the place and stead of Assignor and in the name of Assignor or in its own name, from time to time in Assignee's discretion, for the purpose of carrying out the terms of this Assignment, to take any and all appropriate action and to execute and deliver any and all documents and instruments which Assignee may deem necessary or desirable to accomplish the purposes of this Assignment, provided, however that nothing in this Assignment shall obligate Assignee to protect the interests of Assignor or anyone else in or under the Insurance Policy.

7. **NO WAIVER** Any forbearance or failure or delay by any party in exercising any right, power or remedy hereunder shall not be deemed to be a waiver of such right, power or remedy, and any single or partial exercise of any right, power or remedy shall not preclude the further exercise thereof. No waiver of any provision hereof shall be effective unless it shall be in writing and signed by the party to be charged thereby.

8. **SUCCESSORS AND ASSIGNS.** All of the terms and provisions of this Assignment shall be binding upon, and inure to the benefit of, and be enforceable by, the respective successors, executors, administrators and assigns of the parties hereto.

9. **ENTIRE AGREEMENT.** This writing represents the entire agreement and understanding of the parties with respect to the subject matter hereof and supersedes all prior agreements or understandings between or among such parties with respect to such subject matter; it may not be altered or amended except by subsequent written agreement duly executed by all of the parties.

10. **NOTICES.** Unless notice is required by law to be given in another manner, all notices or other communications required or permitted to be given pursuant to this Assignment shall be given in writing, by certified or registered mail or recognized overnight delivery service, to the respective parties at the addresses set forth above or such other address as any party shall notify the other parties in the manner provide herein.

11. **CHOICE OF LAW.** This Assignment shall be governed by and construed in accordance with the laws of the State of New York.

12. **ARBITRATION.** Any dispute or controversy arising out of or in connection with this Assignment shall be submitted to binding arbitration such dispute or question to arbitration before a panel consisting of three persons of the Orthodox Jewish faith, which will enforce the provisions of this Assignment and give any party the rights he is entitled to under New York law. The panel will have the authority to file their decision with the Court under the New York Arbitration Law.

13. **TYRES AND HEADINGS.** Titles and headings of sections of this Assignment are for convenience of reference only and shall not affect the construction of any provision of this Assignment. The unenforceability of any provision of this Assignment shall not affect the enforceability or validity of any other provision hereof.