UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BANK OF AMERICA, N.A.,

                Plaintiff,

-v-                                      CIVIL ACTION NO. 20 Civ. 9911 (SLC)

CITY VIEW BLINDS OF N.Y. INC., et al.,                 **ORDER**

                Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

Plaintiff Bank of America, N.A. moves for the appointment of a post-judgment receiver to pursue satisfaction of the judgment (the "Judgment" (ECF No. 58)) against Defendants ("Judgment Debtors"), which the Judgment Debtors oppose. (ECF Nos. 88-100 (the "Motion")). On May 22, 2025, the Court held a telephone conference to discuss the Motion. (See ECF No. 101 (the "Conference")). After careful review of the parties' submissions, and for the reasons set forth below and on the record during the Conference, the Motion is **DENIED**.

In certain circumstances, a court "may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment." N.Y. C.P.L.R. § 5228; see Fed. R. Civ. P. 69(a). The Court has discretion to appoint a receiver, see United States v. Vulpis, 967 F.2d 734, 736 (2d Cir. 1992),[1] but must "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a). Under New York law, courts consider several factors to determine whether to appoint a receiver for a judgment debtor's assets, "including: '(1) alternative remedies available to the creditor []; (2) the degree to which

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

receivership will increase the likelihood of satisfaction' of the judgment; and '(3) the risk of fraud or insolvency if a receiver is not appointed.'" Blue Citi LLC v. 5Barz Int'l Inc., No. 16 Civ. 9027 (VEC), 2019 WL 6976972, at *2 (S.D.N.Y. Dec. 20, 2019) (quoting Hotel 71 Mezz Lender LLC v. Falor, 14 N.Y.3d 303, 317 (2010)).

Applying these factors, even if we presume that appointment of a receiver would increase the likelihood of judgment satisfaction here, Plaintiff has not established the other two factors. First, alternative remedies are available to Plaintiff, as evidenced most prominently by the fact that Plaintiff has filed another action in this Court seeking turnover of some of the Judgment Debtors' assets to satisfy the Judgment. See Bank of Amer., N.A. v. City View Blinds of N.Y. Inc., No. 22 Civ. 9871 (LTS) (JW) (S.D.N.Y.) (the "Turnover Proceeding")). The parties have fully briefed motions for summary judgment pending, and if Plaintiff were to succeed, it could receive over 20% of the Judgment. (Turnover Proceeding, ECF No. 104 at 8 ("[T]he aggregate amount of the Restrained Funds, as of October 22, 2022, are in the amount of $1,289,692.31.")). Plaintiff has also served multiple restraining notices and subpoenas with respect to property in which the Judgment Debtors have an interest. (See, e.g., ECF No. 90 ¶¶ 4, 6, 11-16). In addition, Plaintiff took the depositions of two of the Judgment Debtors more than nine months before filing the Motion, yet in the meantime did not meet and confer with the Judgment Debtors' counsel or seek any judicial assistance—such as seeking a conference with the Court or permission to file motions to compel or for contempt—in resolving the professed deficiencies in the Judgment Debtors' "woefully insufficient responses" to Plaintiff's request for more information about assets available to satisfy the Judgment. (ECF No. 90 ¶ 18; see ECF No. 98 ¶¶ 7, 10, 12). Accordingly, Plaintiff, has, and is making use of, alternative remedies to the appointment of a

2

receiver and therefore has not shown that there is a "special reason to appoint a receiver." Astraea NYC LLC v. Rivada Networks, Inc., 21 Civ. 10493 (LLS), 2023 WL 3862671, at *4 (S.D.N.Y. June 7, 2023).

Second, Plaintiff has not—at least at this time—persuaded the Court of "the risk of fraud or insolvency if a receiver is not appointed." Astraea NYC LLC, 2023 WL 3862671, at *4 (denying request for appointment of receiver). While Plaintiff is justifiably frustrated not only that the Judgment Debtors have failed to satisfy the Judgment, which is now nearly two years old, and have been less than forthcoming with post-Judgment discovery requests, Plaintiff has not, as yet, provided sufficient evidence of fraud, nor have they given any reason to doubt the Judgment Debtors' solvency.

Finally, the Motion, and specifically Plaintiff's proposed order, "is facially defective because it does not 'specify the property to be received[.]'" Id. (quoting N.Y.C.P.L.R. § 5228(a)); (see ECF No. 92). Plaintiff seeks a receiver "to administer, collect, and/or sell any non-exempt real or personal property in which" Judgment Debtors "have any interest[,]" and that the receiver "shall take immediate possession and control, to the exclusion of all others, over all of the tangible and intangible assets of the Judgment Debtors of any kind, nature or description whatsoever, wherever located[.]" (ECF No. 92 at 1-2). The ambit of the receiver contemplated in Plaintiff's proposed order is too broad and fails to "specify the property to be received[,]" which is required under New York law. Astraea, 2023 WL 3862671, at *4 (quoting In re Vitamin C Antitrust Litig., No. 05 Civ. 453 (BMC) (JO), 2015 WL 5918254, at *5 (E.D.N.Y. Oct. 9, 2015)) (concluding similar language was "facially defective").

3

Accordingly, the Motion is **DENIED**. On or before **June 20, 2025**, the parties shall file a joint letter setting forth (i) the status of the Turnover Proceeding, and (ii) whether they have engaged a private mediator or request that the Court refer them to the court-annexed Mediation Program.

The parties shall order a transcript of the Conference.

Dated: New York, New York
May 22, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**