UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BANK OF AMERICA, N.A.,

Plaintiff,

v.

CITY VIEW BLINDS OF N.Y. INC., et al.,

Defendants.

CIVIL ACTION NO. 20 Civ. 9911 (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

The Court is in receipt of the motions of Plaintiff and judgment creditor Bank of America, N.A. ("BoA") to compel Defendant and judgment debtor Moshe Gold ("Moshe") and (ii) Non-Parties Raizy Gold ("Raizy") and Joel Gold ("Joel") to comply with post-judgment subpoenas. (Dkt. Nos. 121 (the "Moshe MTC"); 124 (the "Non-Party MTC," together the "Motions")). For the reasons set forth below, the Motions are **GRANTED IN PART** and **DENIED IN PART**.

## II. BACKGROUND

We presume familiarity with the factual and procedural background of this action. See Bank of America, N.A. v. City View Blinds of N.Y., No. 20 Civ. 9911 (SLC), 2025 WL 1625567 (S.D.N.Y. May 22, 2025) ("BoA II"); Bank of America, N.A. v. City View Blinds of N.Y., No. 20 Civ. 9911 (SLC), 2022 WL 580764 (S.D.N.Y. Feb. 25, 2022) ("BoA I"). Suffice it to say, BoA has a $5,945,899.78 judgment against Defendants City View Blinds of N.Y. Inc., Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., and Cosmopolitan Interior Florida Corp. (together, the "Judgment Debtor Entities"), that it has thus far been unable to collect. (Dkt. No. 58 (the "Judgment"); see Dkt. Nos. 122 ¶ 2; 125 ¶ 2; 128 ¶ 2). We set forth only the additional procedural background necessary to analyze the Motions.

**A. The Moshe Subpoena and The Requests**

On September 8, 2023, BoA served Moshe, both as an individual and as the principal of the Judgment Debtor Entities, with a subpoena to testify at a deposition. (Dkt Nos. 122 ¶ 2; 122-1 at 2, 16; 128 ¶ 3 (the "Moshe Subpoena")). The Moshe Subpoena also included a demand to produce documents. (Dkt. No. 122-1 at 10–15 (the "First Request")).

On October 18, 2023, Moshe responded to the First Request with objections and a production of documents. (Dkt. Nos. 122 ¶ 3; 128 ¶ 4 (the "First Production")). On December 8, 2023, Moshe made a supplemental production of documents. (Dkt. No. 122 ¶ 4 (the "Second Production")). The First and Second Productions together totaled "over 1,000 pages of documents and financial information, such as bank records for 15 different accounts of [Moshe] and the Judgment Debtor Entities, and tax returns." (Dkt. No. 128 ¶ 4). On May 6, 2024, BoA deposed Moshe. (Dkt. Nos. 122 ¶ 6–7; 122-2; 128 ¶ 5 (the "Deposition")). After the Deposition, Moshe produced additional documents. (Dkt. Nos. 122 ¶ 8).

On or about June 27, 2025, BoA served Moshe with a second demand for documents. (Dkt. Nos. 122 ¶ 9; 122-3 (the "Second Request", together with the First Request, the "Requests")). In response, Moshe produced additional documents, provided executed IRS Form 8821s,[1] and submitted a declaration relating to his response to the Second Request. (Dkt. Nos. 122 ¶ 10; 128 ¶ 9; see Dkt. Nos. 122-4 (the "Moshe Declaration")). The Moshe Declaration explains that Moshe "no longer ha[s] access to any records of the Judgment Debtor Entities"

[1] IRS Form 8821 "allow[s] Plaintiff to obtain any. . . tax returns. . . relating to [Moshe] and each of the Judgment Debtor Entities directly from the IRS." (Dkt. No. 128 ¶ 10). See Llewellyn v. N. Am. Trading, No. 93 Civ. 8849 (KMW) (HBP), 1997 WL 177878, at *1 (S.D.N.Y Apr. 11, 1997) (explaining that "IRS Form 8821 [] authorizes the IRS to release certain tax records").

maintained at their offices, aside from his own "personal records[.]" (Dkt. No. 122-4 ¶¶ 5, 7). Moshe further declares that he "do[es] not own a personal computer, do[es] not maintain any personal or business records in electronic format on a computer, and did not conduct any business for the Judgment Debtor Entities using a computer." (Id. ¶ 6). In Moshe's search for documents responsive to the Second Request, he searched his "personal records, including any such records that relate to the Judgment Debtor Entities[.]" (Id. ¶ 7). Finally, the Moshe Declaration lists each of the Second Request's categories of documents, detailing for each what he produced and identifying those requests for which Moshe found no responsive documents. (Dkt. No. 122-4 at ¶¶ 8–26). Moshe represents that he "ha[s] produced nearly 1,300 pages of responsive documents" in response to the Requests. (Dkt. No. 129 at 9).

**B. The Subpoenas to Raizy and Joel**

BoA asserts that Raizy and Joel are Moshe's "immediate relatives" who were involved in "the fraudulent transfer of Moshe's interest in several real properties[.]" (Dkt. No. 125 ¶ 3). On August 4, 2025, BoA served Raizy with a subpoena to testify at a deposition and for documents. (Dkt. Nos. 125 ¶¶ 5–6; 125-1–125-2 (the "Raizy Subpoena")). On August 15, 2025, BoA served Joel with a subpoena to testify at a deposition and for documents (Dkt. No. 125-3 (the "First Joel Subpoena")), by "nail and mail" service, i.e., by mailing a copy of the First Joel Subpoena to Joel's last known residence and attaching a copy of the First Joel Subpoena to the door of that residence. (Dkt. Nos. 125 ¶¶ 7–8; 125-4).

On August 25, 2025, the Court extended to September 24, 2025 the deadline for Raizy to respond to the Raizy Subpoena and Joel to respond to the First Joel Subpoena. (Dkt. No. 112 ¶ 1). Neither Raizy nor Joel timely responded. (Dkt. No. 125 ¶ 11).

On October 6, 2025, BoA served on Joel a second subpoena to testify at a deposition and for documents (Dkt. No. 125-5 (the "Second Joel Subpoena", together with the First Joel Subpoena, the "Joel Subpoenas"), by "nail and mail." (Dkt. Nos. 125 ¶ 12; 125-5 at 15).[2] Joel neither appeared for his deposition nor responded to the Second Joel Subpoena. (Dkt. No. 125 ¶¶ 13–14). On October 23, 2025, BoA mailed letters to both Raizy and Joel seeking to meet and confer but did not receive a response. (Id.) Neither Raizy nor Joel had responded as of the date of the Non-Party MTC. (Id. ¶ 14).

### C. The Motions

On December 12, 2025, BoA filed the Motions. (Dkt. Nos. 121; 124). The Moshe MTC seeks to compel Moshe to conduct a further search for documents in response to the Requests and pre-emptively "requests leave to conduct a further judgment debtor examination of Moshe" should he produce additional documents. (Dkt. No. 123 at 6–7). The Non-Party MTC seeks an order compelling Raizy and Joel to respond to the Raizy and Joel Subpoenas, respectively, and appear for depositions. (Dkt. No. 126 at 2, 5). On January 12, 2026, Moshe opposed the Moshe MTC. (Dkt. No. 129). On January 16, 2026 BoA filed a reply in support of the Moshe MTC. (Dkt. No. 130). To date, neither Raizy nor Joel have appeared in this action or otherwise responded to the Non-Party MTC. (See Dkt. Nos. 124; 127).

---

[2] On September 25, 2026, and October 3, 2025, BoA attempted personal service of the Second Joel Subpoena on Joel but was not successful. (Dkt. No. 125-5 at 15).

## III. DISCUSSION

### A. Legal Standards

"Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure." First City, Tex.-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002).[3] Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to conduct "broad post-judgment discovery. . . '[i]n aid of the judgment or execution[.]'" EM Ltd. v. Rep. of Arg., 695 F.3d 201, 207 (2d Cir. 2012) (quoting Fed. R. Civ. P. 69(a)(2)). Rule 69(a)(2) further allows the judgment creditor to "obtain discovery from any person[.]" Top Jet Enters. Ltd. v. Kulowiec, No. 21 Misc. 789 (RA) (KHP), 2022 WL 280459, at *4 (S.D.N.Y. Jan. 31, 2022) (quoting Fed. R. Civ. P. 69(a)(2)). The Court must, however, "limit discovery to the extent that it would be 'unreasonably cumulative or duplicative,' or would involve an undue burden." Amtrust N. Am., Inc. v. Preferred Contractors Ins. Comp. Risk Retention Grp., LLC, No. 16 Misc. 340 (CM), 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016) (quoting Fed. R. Civ. P. 26(b)(2)(C)).

"It is not uncommon to seek asset discovery from third parties . . . that possess information pertaining to the judgment debtor's assets." EM Ltd., 695 F.3d at 207. A judgment creditor, however, "must make some demonstration that the discovery will lead to information to aid the judgment creditor in recovering what [it] is owed[.]" Brown v. Brockett, No. 17 Misc. 2931 (MKB) (SJB), 2018 WL 3625341, at *8 (E.D.N.Y. Jul. 6, 2018). If a judgment creditor meets this burden, they are entitled to "examine [those] third parties to determine if a judgment debtor has concealed or transferred assets applicable to satisfying its judgment." D'Avenza S.p.A. In

[3] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

Bankruptcy v. Garrick & Co., Ltd., No. 96 Civ. 166 (DLC) (KNF), 1998 WL 13844, at *3 (S.D.N.Y. Jan. 15, 1998).

"In light of this liberal standard, an individual properly served with a subpoena duces tecum in post-judgment discovery must produce 'all responsive documents in its possession, custody, or control.'" Top Jet Enters. Ltd., 2022 WL 280459, at *4 (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). Likewise, an individual properly served with a subpoena to appear for a deposition must give testimony. See Donoghe v. Astro Aerospace Ltd., No. 19 Civ. 7991 (JPO), 2022 WL 17095249, at *1 (S.D.N.Y. Nov. 21, 2022) (finding judgment creditor's "use of. . . deposition subpoenas to discover information relating to the prior final judgment and writ of execution" to be "clearly appropriate").

Generally, a non-party served with a subpoena must object within fourteen days of service. Fed. R. Civ. P. 45(d)(2)(B). Failure to object within that time frame "typically constitutes a waiver of such objections." Sheet Metal Workers' Nat'l Pension Fund v. Amodeo, No. 09 Civ. 121 (SJF) (ARL), 2016 WL 3080807, at *6 (E.D.N.Y. May 27, 2016). Under Federal Rule of Civil Procedure 45, "a responding party may be held in contempt for noncompliance, and [Federal Rule of Civil Procedure] 37 provides that a party may request sanctions for noncompliance." Top Jet Enters. Ltd., 2022 WL 280459, at *4.

## B. Application

### 1. The Moshe Subpoena and Requests

In support of its request to compel Moshe to produce additional discovery, BoA argues that Moshe has not shown that he endeavored in a "good faith or reasonable search. . . for all sources of relevant documents." (Dkt. No. 123 at 6). Moshe explains that he has no additional

responsive documents in his possession, custody, or control and that BoA's "conclusory assertions. . . that more documents must exist. . . are insufficient to meet its burden to demonstrate that [Moshe] ha[s] possession, custody, or control of additional documents that are responsive to" the Debtor Requests. (Dkt. No. 129 at 12). Further, Moshe explains that he has "searched what was available to [him] — [his]'s personal records —given [his] lack of access to any records of the Judgment Debtor Entities maintained at their former offices." (Id. at 17).

"Generally, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible." Beverley v. N.Y.C. Health & Hosp. Corp., No. 18 Civ. 8486 (ER), 2024 WL 2125402, at *10 (S.D.N.Y. May 13, 2024). The moving party "must cite to specific evidence to challenge a [party]'s assertions that no additional responsive documents exist." Beverley, 2024 WL 2125402, at *10; see Golden Trade, S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992) ("In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion.")

Here, BoA fails to "present[] any evidence substantiating its belief that additional documents have been withheld." Universitas Educ., LLC v. Benistar, No. 20 Civ. 738 (JAM), 2021 WL 8202406, at *7 (D. Conn. Dec. 22, 2021) (denying judgment creditor's motion to compel compliance regarding subpoena's document requests in light of non-moving party's affidavits); see Foley v. Union de Bangques Arabes et Françaises, No. 22 Civ. 1682 (ER), 2025 WL 1001818, at *8 (S.D.N.Y. Mar. 31, 2025) (denying judgment creditor's motion to compel where it did not identify "specific evidence to call into question [d]efendants' contention that no additional,

relevant documents exist"). BoA's conclusory assertions about Moshe's deficient compliance (Dkt. Nos. 123 at 6; 130 at 4–5), amount to nothing more than "[m]ere speculation" that Moshe is withholding or otherwise failed to properly search for documents, which "is insufficient to warrant an order to compel." Trilegiant Corp. v. Sitel Corp., 275 F.R.D. 428, 436 (S.D.N.Y. 2011). This is especially true for the Second Request, as to which Moshe has described his search, identifying the more than 1,300 documents he located, and confirming that no additional documents exist. (Dkt. No. 122-4). See Rusk v. N.Y. State Thruway Auth., No. 10 Civ. 544A (SR), 2011 WL 6936344, at *2 (W.D.N.Y. Dec. 29, 2011) (finding insufficient "speculation that additional e-mails exist. . . to overcome [a] declaration that a search for responsive documents has been conducted and that responsive documents have been disclosed.")

BoA further argues that Moshe has not produced tax returns or other tax records (Dkt. No. 130 at 5), yet BoA does not state whether it submitted, or otherwise received documents from, the executed IRS Form 8821s. (See generally Dkt. Nos. 122–123; see also Dkt. No. 128 ¶ 10). Without that information, BoA has offered no basis to order Moshe to search for additional tax documents that BoA does not otherwise have. See Fed. R. Civ. P. 26(b)(2)(C). In any event, Moshe avers that he has produced the tax documents in his possession. (Dkt. Nos. 122-4 ¶¶ 8, 11, 14, 18; 129 at 5, 7).

Accordingly, the Court DENIES BoA's request to compel Moshe to further respond to the Requests or to sit for a second deposition.[4]

[4] Moshe argues in the alternative that "[e]ven if the Court was to assume that additional responsive documents exist within [Moshe's] possession, custody, or control — which [Moshe] ha[s] already confirmed they do not — certain of Plaintiff's document requests exceed what is permitted by [Federal Rule of Civil Procedure] 69[.]" (Dkt. No. 129 at 14). Because BoA had not carried its burden to overcome

### 2. The Raizy and Joel Subpoenas

The Court finds that BoA has demonstrated valid grounds to require Raizy and Joel to comply with the Raizy and Joel Subpoenas, respectively. First, the Court is satisfied that Raizy and Joel possess information relevant to BoA's attempts to satisfy the Judgment. Raizy and Joel are Moshe's "immediate relatives" and BoA has shown, at a minimum, a basis to infer a possible "fraudulent transfer of Moshe's interest in several real properties from Moshe to Raizy and Joel." (Dkt. No. 125 ¶ 3; see Dkt. No. 122-2 at 25–26, 30, 37–38, 41, 50–51, 53, 60–61, 63–64, 66, 85–87, 91 (Moshe's Deposition testimony regarding Raizy and Joel)). Second, BoA has properly served both Raizy and Joel. (Dkt. Nos. 125-2; 125-4–125-5).[5] Despite been served, neither Joel nor Raizy filed objections with the Court or otherwise responded or appeared. (See Dkt. No. 125 ¶ 14). Therefore, they have waived any objections they might have had to the Raizy and Joel Subpoenas. See Reid v. Dan Yant, Inc., No. 15 Civ. 2358 (SLT) (SJB), 2018 WL 11453540, at *2 (E.D.N.Y. Jan. 19, 2018) (denying motion to quash subpoena because objecting party failed to serve written objections "within the time specified by Rule 45").

Accordingly, the Court GRANTS BoA's request to compel Raizy and Joel to comply with the Raizy and Joel Subpoenas, respectively.

---

Moshe's assertion that no further responsive documents in his control exist, the Court does not reach Moshe's Rule 69 arguments. (See id. at 14–17).

[5] Although BoA did not seek authorization from the Court to serve the Joel Subpoenas through alternative means, the Court finds that BoA's service on Joel was valid. See Great Am. Ins. Co. v. Gemstone Prop. Mgmt., No. 23 Civ. 9100 (LJL), 2026 WL 2070018, at *2 (S.D.N.Y. Jul. 16, 2026) (explaining that "nail and mail" service of a subpoena at a business or residential address is "appropriately calculated to ensure receipt of [a] subpoena"); SEC v. Pence, 322 F.R.D. 450, 453 (S.D.N.Y. 2017) ("Rule 45's language neither requires in-hand service nor prohibits alternative means of service.'")

## IV. CONCLUSION

For the reasons set forth above, BoA's Motions are **GRANTED IN PART** and **DENIED IN PART** as follows:

1. BoA's request to compel Moshe to further respond to the Requests is **DENIED**.
2. BoA's request for leave to redepose Moshe is **DENIED**.
3. BoA's request to compel Raizy and Joel to comply with the Raizy and Joel Subpoenas, respectively is **GRANTED**.
    a. By **September 11, 2026**, BoA shall serve a copy of this Order on Raizy and Joel by mail and file proof of service on the docket.
    b. Within fourteen days of service of this Order, Raizy and Joel shall each contact BoA's counsel to set a schedule for appearing for their depositions. Raizy and Joel are further "warned that failure to comply with" this Order "may result in sanctions and civil contempt being imposed[.]" Blue Citi LLC v. 5Barz Int'l Inc., No. 16 Civ. 9027 (VEC), 2019 WL 10890126, at *2 (S.D.N.Y. Feb. 6, 2019).
    c. By **October 16, 2026**, BoA shall file a letter updating the Court as to the status of Raizy and Joel's compliance with this Order.

The Clerk of Court is respectfully directed to close Dkt. Nos. 121 and 124.

Dated: New York, New York
September 9, 2026

SO ORDERED.

SARAH L. CAVE
United States Magistrate Judge